J-S93043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| YUSEF BROWN, | |
| Appellant | No. 798 EDA 2016 |

Appeal from the PCRA Order February 16, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1100901-2001

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 31, 2017**

Appellant, Yusef Brown, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The PCRA court aptly summarized the relevant facts and procedural history of this case as follows.

> On February 10, 2004, [Appellant] entered a plea of guilty to murder generally, aggravated assault, possessing an instrument of crime, and two counts of recklessly endangering another person.  After a degree of guilt hearing, the [trial] court found [Appellant] guilty of first-degree murder [for the May 3, 2001 shooting death of Vincent Robey.  Appellant was twenty years old at the time he committed the offense].  On February 17, 2004, [Appellant] was sentenced to life imprisonment for murder and lesser concurrent terms of imprisonment on the

_____

[*] Retired Senior Judge assigned to the Superior Court.

remaining charges. On January 25, 2005, following a direct appeal, the Superior Court affirmed the judgment of sentence. (***See Commonwealth v. Brown***, 872 A.2d 1268 (Pa. Super. 2005) (unpublished memorandum)). [Appellant] did not seek *allocatur* with the Pennsylvania Supreme Court.

On January 26, 2006, [Appellant] filed his first timely *pro se* PCRA petition. Appointed counsel subsequently filed an amended petition on June 27, 2007. On October 19, 2007, the PCRA court denied his petition as meritless after concluding defense counsel was effective. On November 7, 2008, the Superior Court affirmed the dismissal. (***See Commonwealth v. Brown***, 964 A.2d 935 (Pa. Super. 2008) (unpublished memorandum)). The Pennsylvania Supreme Court denied *allocatur* on June 3, 2009. (***See Commonwealth v. Brown***, 972 A.2d 519 (Pa. 2009)).

On May 6, 2011, [Appellant] filed the instant *pro se* PCRA petition, his second.[1] [Appellant filed an amended petition without seeking leave of court to do so on August 9, 2012.] Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the court's intent to dismiss his petition on January 20, 2016. [On January 29, 2016, Appellant filed a response]. On February 16, 2016, the PCRA court dismissed his petition as untimely. On Mach 8, 2016, the instant notice of appeal was timely filed to the Superior Court.

(PCRA Court Opinion, 5/16/16, at 1-2) (record citation formatting provided).[2]

---

[1] Although Appellant styled his filing as a "petition for writ of *habeas corpus ad subjiciendum*," the PCRA court properly treated it as a PCRA petition. ***See*** 42 Pa.C.S.A. § 9542 ("[The PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist . . . including *habeas corpus* and *coram nobis*.").

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. It entered an opinion on May 16, 2016. ***See*** Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

A. Whether the [PCRA] court abused its discretion in dismissing Appellant's [May 6], 2011, *habeas* petition as untimely pursuant to the PCRA where absent records facts his plea is vitiated [sic] and eliminates all questions of waiver, timeliness and due diligence as bars to relief?

B. Whether the [PCRA] court abused its discretion in dismissing Appellant's August [9], 2012, Supplement alleging his detention illegal pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012)?[3]

(Appellant's Brief, at 3).[4]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations

omitted).

We begin by addressing the timeliness of Appellant's petition.

The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of

_____

[3] In *Miller*, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. *See Miller*, *supra* at 2460. In *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), the Court determined that its *Miller* holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review. *See Montgomery*, *supra* at 736.

[4] The Commonwealth did not file a brief, despite this Court's grant of an extension of time to do so.

the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted).

Here, Appellant's judgment of sentence became final on February 24, 2005, when his time to file a petition for allowance of appeal with our Supreme Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until February 24, 2006, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on May 6, 2011, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

- 4 -

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant first contends that his petition is not subject to the PCRA's timeliness requirements because his guilty plea colloquy was defective and invalid, rendering the plea "a nullity." (Appellant's Brief at 11; *see id.* at 7-11). We disagree.

We reiterate, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended **only** by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Robinson**, **supra** at 185 (citation and internal quotation marks omitted; emphasis added). Because Appellant's first argument does not invoke any of the three limited exceptions to the PCRA's time-bar, we agree with the PCRA court that it necessarily fails. **See id.**; (**see also** PCRA Ct. Op., at 5) ("[Appellant's] failure to plead specifically the applicability of any of the exceptions to the time requirements of the PCRA was fatal to his petition.").

In the alternative, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), by arguing that his life sentence is unconstitutional pursuant to **Miller** and **Montgomery**. (**See** Appellant's Brief, at 12-16).[5] Appellant acknowledges that he "was 20 years old at the time of the May 3, 2001, incident resulting in his arrest, conviction and sentence[,]" but "avers that his biological process was not complete until February 20, 2006, when he

---

[5] It appears that Appellant failed to properly raise and preserve this issue in the PCRA court. (**See** PCRA Ct. Op., at 5 n.7). We will nevertheless address it in the interest of judicial economy, and note that the PCRA court discussed it as well. (**See id.**).

turned 25 years old and cannot be denied Eighth Amendment protection." (**Id.** at 13). We disagree.

This Court has expressly "[held] that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Commonwealth v. Furgess**, 2016 WL 5416640, at *3 (Pa. Super. filed Sept. 28, 2016) (case citation omitted). Therefore, Appellant's argument predicated on an extension of **Miller** and **Montgomery** fails. **See id.**

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. **See Robinson**, **supra** at 185-86. Accordingly, we affirm the order of the PCRA court.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017