J-S38040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GARY BATES | |
| Appellant | No.248 EDA 2017 |

Appeal from the PCRA Order December 20, 2016
in the Court of Common Pleas of Chester County Criminal Division
at No(s):CP-15-CR-0001532-1976

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 14, 2017**

Appellant, Gary Bates, appeals *pro se* from the order entered in the Chester County Court of Common Pleas denying his "petition for writ of *habeas corpus*" as an untimely seventh petition pursuant to the Post Conviction Relief Act[1] ("PCRA"). Appellant contends the PCRA court erred in dismissing his *habeas corpus* petition as an untimely PCRA petition. We affirm.

The PCRA court summarized the facts and procedural posture of this case as follows:

> [Appellant] was found guilty of first degree murder, robbery, burglary, criminal conspiracy and weapons offenses by a jury on March 17, 1977. On direct appeal in 1981, the Supreme Court of Pennsylvania affirmed without

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

opinion.[2]  [Appellant] filed his first PCRA Petition on May 28, 1982, which was denied on October 26, 1984. [Appellant] appealed and the Superior Court affirmed on November 16, 1989.[3]  A Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied on May 21, 1990.  On April 5, 1993, [Appellant] filed his second PCRA Petition.  An amended petition was filed on his behalf on July 9, 1997.  This Petition was denied by Order dated May 21, 1998.  [Appellant appealed and the Superior Court affirmed on May 11, 1999.[4]]  Over six years later on July 16, 2004, [Appellant] filed his third PCRA petition, which was dismissed on December 30, 2005.  [Appellant] appealed and the Pennsylvania Superior Court affirmed on July 13, 2006.[5]  On August 13, 2007, [Appellant] filed his fourth PCRA Petition, which was dismissed as untimely on October 8, 2007.  He again appealed and the Pennsylvania Superior Court affirmed the dismissal on March 19, 2009.[6]  He then filed a Petition for Writ of Habeas Corpus on May 10, 2010, in which he raised the same issues he raised in his fourth PCRA Petition.  The court properly treated it as a fifth PCRA Petition and dismissed it without a hearing on September 1, 2010.  [Appellant] appealed and the Superior Court affirmed the dismissal on February 17, 2011.[7]  On May 31, 2011, [Appellant] filed his sixth PCRA Petition, which was dismissed on September 20,

---

[2] ***Commonwealth v. Bates***, 428 A.2d 975 (Pa. 1981).

[3] ***Commonwealth v. Bates***, 163 Phila. 1985 (unpublished memorandum) (Pa. Super. Nov. 16, 1989).

[4] ***Commonwealth v. Bates***, 1939 Phila. 1998 (unpublished memorandum) (Pa. Super. May 11, 1999).

[5] ***Commonwealth v. Bates***, 401 EDA 2006 (unpublished memorandum) (Pa. Super. July 13, 2006).

[6] ***Commonwealth v. Bates***, 634 EDA 2008 (unpublished memorandum) (Pa. Super. Mar. 19, 2009).

[7] ***Commonwealth v. Bates***, 2637 EDA 2010 (unpublished memorandum) (Pa. Super. Feb. 17, 2011).

J-S38040-17

> 2011. He did not appeal that decision, so it became final thirty days later.

Notice of Intent to Dismiss PCRA Pet. Pursuant to Pa.R.Crim.P. 907(1), 11/9/16, at 2 n.1.[8]

Appellant filed the instant petition for writ of *habeas corpus*, which the PCRA court received on July 25, 2016.[9] Appellant's petition raised **Batson**[10] and ineffective assistance of counsel claims. The PCRA court considered the petition for writ of *habeas corpus* as a seventh PCRA petition and dismissed it for being untimely and for raising previously litigated or waived claims. This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issues for our review:

> I. WHETHER THE COURT COMMITTED AN ERROR OF LAW AND FACT WHEN IT CONVERTED PETITIONER'S HABEAS PETITION, RECOGNIZED BY ARTICLE I, SECTION 9 OF THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 14 OF THE PENNSYLVANIA, CODIFIED BY 42 PA.C.S. § 6501 ET SEQ. WHEN HIS HABEAS PETITION RENEWED HIS PREVIOUSLY LITIGATED **BATSON** AND INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS?

---

[8] The PCRA court's Pa.R.A.P. 1925(a) opinion incorporated its Rule 907 notice.

[9] Appellant dated the petition July 20, 2016; however, the record does not contain a stamped mailing envelope. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) ("[A] *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.") (citations omitted). For the reasons that follow, we need not determine precisely which date Appellant filed his petition.

[10] **Batson v. Kentucky**, 476 U.S. 79 (1986).

- 3 -

II. WHETHER THE STATUTORY REQUIREMENT THAT THE CLAIM PRESENTED IN THE HABEAS CANNOT BE RAISED UNDER PCRA WAS MET WHEN THE PCRA PROHIBITS PREVIOUSLY LITIGATED CLAIMS, PETITIONER'S **BATSON** AND INEFFECTIVE ASSISTANCE CLAIMS WERE PREVIOUSLY LITIGATED, AND ARE RENEWED CLAIMS WITH SUPPORTING **BATSON** AND INEFFECTIVE ASSISTANCE EVIDENCE THAT WAS NOT PREVIOUSLY AVAILABLE, WAS WITHHELD BY THE CLERK OF CHESTER COUNTY OFFICE UNTIL 24 YEARS AFTER TRIAL, AND PRODUCED UPON PETITIONER?

III. WHETHER PETITIONER'S . . . HABEAS PETITION[11] CONVERTED BY THE COURT INTO A PCRA PETITION, OVER THE OBJECTIONS OF PETITIONER, WAS FILED WITHIN 60 DAYS OF THE U.S. SUPREME COURT'S ANNOUNCEMENT OF **FOSTER-V-CHATMAN**, **SUPRA** (MAY 23, 2016) AND PROPERLY PLEADS THE GOVERNMENTAL INTERFERENCE, PREDICATED ON PREVIOUSLY UNKNOWN INFORMATION AND ANNOUNCEMENT OF A NEW CONSTITUTIONAL RULE OF LAW (FOSTER, PERTAINING TO PREVIOUSLY LITIGATED CLAIMS) EXCEPTIONS SATISFYING THE FILING REQUIREMENTS OF 42 PAC'S. § 9545(B)(1)(i-iii)(2), MAKING PETITIONER'S . . . PETITION TIMELY FILED UNDER BOTH 42 PA.C.S. § 6501 ET SEQ. AND 42 PA.C.S. § 9542 ET. SEQ.?

IV. WHETHER THE COURT AND COMMONWEALTH ERRED IN FAILING TO ABIDE BY THE PROCESS ANNOUNCED BY THE LEGISLATURE AT 42 PA.C.S. § 6501 ET SEQ.?

V. WHETHER THE COURT AND COMMONWEALTH HAVE DEPRIVED PETITIONER OF THE RIGHT TO PETITION, BE HEARD, DUE PROCESS AND EQUAL PROTECTION OF THE LAW CLAUSE GUARANTEES WHEN IT FAILED TO ACKNOWLEDGE, ACCEPT PETITIONER'S INVOKING OF HIS RIGHT TO HABEAS CORPUS, AND FAILED TO FOLLOW THE PROCESS PROVIDED BY THE LEGISLATURE FOR HABEAS CORPUS PROCEEDINGS AT 42 PA.C.S. § 6501 ET SEQ.?

---

[11] **See** R.R. at Exhibit "F" at 5 (unpaginated).

Appellant's Brief at v-vi (some citations omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As a prefatory matter, we consider whether the PCRA court erred in considering Appellant's *habeas corpus* petition as a PCRA petition. "The PCRA at Section 9542 subsumes the remed[y] of *habeas corpus* . . . ." **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). In **Commonwealth v. Hackett**, 956 A.2d 978 (Pa. 2008), our Pennsylvania Supreme Court held that a **Batson** claim, "which essentially attack[ed] [the] underlying murder conviction[,]" was cognizable under the PCRA. **Id.** at 986. Claims of ineffective assistance of counsel are cognizable under the PCRA. **Turner**, 80 A.3d at 770. "Simply because a petition is not considered because of previous litigation or waiver does not alter the PCRA's coverage of such claims or make habeas corpus an alternative basis for relief." **Commonwealth v. Fahy**, 737 A.2d 214, 224 (Pa. 1999).

Instantly, Appellant raises **Batson** and ineffective assistance of counsel claims, which are cognizable under the PCRA. **See Hackett**, 956

A.2d at 986; **Turner**, 80 A.3d at 770. Therefore, the PCRA court did not err in considering his *habeas corpus* petition as a PCRA petition. **See Taylor**, 65 A.3d at 466; **Wilson**, 824 A.2d at 333.

Before examining the merits of Appellant's claims, we consider whether the PCRA court had jurisdiction to entertain the PCRA petition. Appellant contends his "habeas petition, converted into a PCRA petition by the lower Court, shows that his petition has pled all three . . . statutory exceptions." Appellant's Brief at 26. He avers that the United States Supreme Court's decision in **Foster v. Chatman**, 136 S. Ct. 1737 (2016)

> announced a new rule of law that permits the renewal of previously litigated claims, when new evidence supporting those previously litigated claims has been discovered or as in this particular case, provided by the Chester County Clerk's Office, 24 years after trial, direct appeal and the complete litigation of four prior PCRA/habeas petitions involving his previously litigated **Batson** and ineffective assistance claims. . . . [T]he Chester County Clerk [sic] Office who only provided these documents to Appellant on June 8, 2000 by the Chester County Clerk's Office (**rec'd June 20, 2000** by Appellant.)

Appellant's Brief at 26-27 (emphasis added).

In **Commonwealth v. Marshall**, 947 A.2d 714 (Pa. 2008), our Pennsylvania Supreme Court opined that

> the time limits imposed by the PCRA . . . implicate our jurisdiction to address any and all of [an a]ppellant's claims. To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). A petitioner fails to satisfy the 60–day requirement of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier.

*Id.* at 719-20 (some citations omitted). "Th[e] time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).

There is no dispute that Appellant's PCRA petition is facially untimely. Appellant's conviction became final in 1981. Appellant filed the instant petition thirty-five years later, in July 2016. ***See*** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **Marshall**, 947 A.2d at 719. Therefore, Appellant bore the burden of demonstrating a timeliness exception.

Here, Appellant concedes he discovered new evidence in 2000, sixteen years before filing the instant petition. **See** 42 Pa.C.S. § 9545(b)(2). Although it is unclear whether Appellant filed within sixty days of the decision in **Foster**, no relief is due. **Foster** did not recognize a new constitutional right or hold that it applies retroactively.[12] **See** 42 Pa.C.S. §

---

[12] In **Foster**, the defendant raised a **Batson** claim at his 1987 trial and in his direct appeals, which ended in 1989. He thereafter sought a writ of habeas corpus in Georgia state court. While the habeas proceeding was pending, the defendant received new documents related to jury selection at trial. The state habeas court concluded that the defendant's renewed **Batson** claim "lacked merit" because the state law doctrine of res judicata barred his claim and he failed to establish a change in the facts. The Georgia Supreme Court summarily denied the defendant the certificate of probable cause necessary to pursue an appeal in that Court. The United States Supreme Court granted certiorari.

The United States Supreme Court, in **Foster**, first addressed its jurisdiction. **See Foster**, 136 S. Ct. at 1746 (noting "This Court lacks jurisdiction to entertain a federal claim on review of a state court judgment if that judgment rests on a state law ground that is both independent of the merits of the federal claim and an adequate basis for the court's decision." (citation and quotation marks omitted). The **Foster** Court held that it was not precluded from exercising jurisdiction over the federal issue in that appeal because the state courts' application of res judicata depended on the merits of the defendant's **Batson** claim. **See id.** Put differently, the Court concluded that "the Georgia Supreme Court's order—the judgment from which [the defendant] sought certiorari—" did not rest "on an adequate and independent state law ground so as to preclude our jurisdiction over [the defendant's] federal claim." **Id.** at 1745-46 (footnote omitted). While the

9545(b)(1)(iii). Therefore, Appellant did not plead and prove any exception to the PCRA's timeliness requirement. **See Marshall**, 947 A.2d at 719-20. Thus, the PCRA court did not err in dismissing his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017

---

**Foster** Court ultimately granted the defendant relief on the merits of his underlying **Batson** claim and the newly discovered evidence, the Court did not create a new constitutional right regarding the presentation of new evidence regarding a **Batson** claim. **See Foster**, 136 S. Ct. at 1743, 1745-46.