J-S65013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL PARHAM | |
| Appellant | No. 441 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0306161-1997

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 14, 2017**

Appellant, Paul Parham, appeals *pro se* from the January 5, 2017 order dismissing his fifth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as follows.  On February 6, 1990, Appellant shot a taxi driver.  On December 22, 1999, Appellant was convicted of aggravated assault[1] and possessing an instrument of crime.[2]  On May 18, 2000, the trial court sentenced Appellant to an aggregate term of 9 to 18 years' imprisonment.  This Court dismissed Appellant's direct appeal for failure to file a brief.  On May 22, 2001, Appellant

---

[1] 18 Pa.C.S.A. § 2702.

[2] 18 Pa.C.S.A. § 907.

filed a *pro se* PCRA petition. On September 17, 2001, the PCRA court granted the petition and reinstated Appellant's direct appellate rights *nunc pro tunc*. Thereafter, counsel was appointed; however, no second direct appeal was taken to this Court.

On February 26, 2006, Appellant filed his second *pro se* PCRA petition.[3] Counsel was appointed. On October 9, 2007 the PCRA court dismissed the petition. Appellant did not appeal that dismissal. On October 25, 2007, Appellant filed his third *pro se* PCRA petition. On April 14, 2008, the PCRA court dismissed the petition. This Court affirmed and our Supreme Court denied allowance of appeal. ***Commonwealth v. Parham***, 972 A.2d 559 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 980 A.2d 607 (Pa. 2009). On December 27, 2010, Appellant filed his fourth *pro se* PCRA petition. On May 11, 2015, the PCRA court dismissed the petition. This Court affirmed the dismissal. ***Commonwealth v. Parham***, 141 A.3d 592, 2016 WL 563166 (Pa. Super. 2016) (unpublished memorandum).

On May 20, 2016, Appellant filed his fifth *pro se* PCRA petition. On September 30, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. On October

---

[3] For clarity, we refer to this petition as Appellant's second petition although it was his first for timeliness purposes. ***See Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014) (citation omitted).

14, 2016, Appellant filed a response to the Rule 907 notice.  On January 5, 2017, the PCRA court dismissed the petition.  This timely appeal followed.[4]

Appellant presents one issue for our review:

Whether this Court should [r]emand this matter to the [PCRA court] for [] further proceedings based on [newly-discovered facts] regarding the competency of [PCRA] counsel[?]

Appellant's Brief at 3.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition."  *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted).  The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]"  *Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final."  42 Pa.C.S.A. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  Appellant's judgment of sentence became final on October 17, 2001.  Appellant's fifth PCRA petition was filed on May 20, 2016.  Thus, the petition was patently untimely.

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  Nonetheless, on April 6, 2017, the PCRA court issued a Rule 1925(a) opinion.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The petitioner bears the burden to plead and prove an applicable statutory exception." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 2017 WL 3614192 (Pa. Aug. 23, 2017).

In his lone appellate issue, Appellant argues that the PCRA court erred in dismissing his petition as untimely because he satisfied the newly-discovered fact exception to the PCRA's one-year time bar. The newly-discovered fact exception

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

- 4 -

***Commonwealth. v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed).

Appellant argues that he recently discovered that PCRA counsel had disciplinary and personal problems at the time he represented Appellant. This argument fails, however, because the attorney Appellant references throughout his fifth PCRA petition and his brief before this Court never represented him in this case. Instead, that attorney referenced by Appellant was only appointed to represent Appellant in CP-51-CR-0506761-1997, which is not the subject of this appeal. Accordingly, Appellant failed to plead and prove the applicability of a timeliness exception and the PCRA court properly held that it lacked jurisdiction to reach the merits of the petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017