J-S80030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL R. PRIMUS | : | |
| | : | |
| Appellant | : | No. 2876 EDA 2016 |

Appeal from the PCRA Order August 19, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007220-2010

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 05, 2018**

Michael R. Primus ("Appellant") appeals *pro se* from the August 19, 2016 order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We affirm.

The PCRA court set forth the history of this case as follows:

> On [April] 22, 2014, [Appellant] entered a negotiated guilty plea to third-degree murder, robbery, and criminal conspiracy.[1] In accordance with the plea agreement, he was sentenced on that same day to an aggregate term of twenty-two and one half (22½) to forty-five (45) years of state incarceration, plus five thousand dollars ($5,000) in restitution. He did not file a direct appeal.

---

[1] 18 Pa.C.S. §§ 2502(c), 3701(a)(1), 903(a)(1), respectively. Appellant acted as the getaway driver for a robbery that resulted in a homicide. Motion to Suppress, 3/7/12, at Exhibit A.

[Appellant] filed a petition pursuant to the [PCRA] on June 29, 2015. The petition was amended on July 21, 2015, and [Appellant] filed a supplemental amended petition on February 19, 2016. At a June 7, 2016 listing, appointed counsel presented a "no merit" letter pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988). This court took the *Finley*-letter under advisement and listed the matter for argument [on] July 15, 2016. On that date this court found the petition was untimely filed, and issued a [Pa.R.Crim.P.] 907 notice of intent to dismiss. On August 19, 2016, the [PCRA] petition was formally dismissed. [Appellant] filed a notice of appeal on August 26, 2016.

PCRA Court Opinion, 5/3/17, at 1. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but it filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant states the following questions for our review:

Did PCRA counsel render Ineffective Assistance?

Was PCRA counsel's Finley letter deficient?

Was PCRA Court's Independent review deficient?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that

are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The PCRA court determined that Appellant's PCRA petition was untimely:

> [Appellant] pled guilty on April 22, 2014 and this court sentenced him on the same day. [Appellant] did not file a direct appeal, therefore, the judgment of sentence became final on May 22, 2014, at the conclusion of the 30-day period within which to appeal. A timely petition, one filed within one year of that date, must have been filed on or before May 22, 2015. This court notes that [Appellant's] appointed counsel, David Rudenstein, Esquire, did not state [Appellant's] filing dates correctly in his *Finley*-letter. Mr. Rudenstein stated that the petition was filed on September 30, 2015. However, that was the date [Appellant] filed a motion for credit for time served. Mr. Rudenstein also conflated the content of that motion with the substance of [Appellant's] PCRA petition. But that is not consequential here. In fact, [Appellant] filed his PCRA petition on June 29, 2015, over a month too late to satisfy the one-year limitation.

PCRA Court Opinion, 5/3/17, at 3–4.[2]

Our review of the record confirms the PCRA court's findings and its conclusion that Appellant's instant PCRA petition is patently untimely. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove

_____

[2]  Appellant acknowledges that his PCRA petition was filed on June 29, 2015. Appellant's Brief at 5, 12.

[3]  The exceptions to the timeliness requirement are:

   (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

   (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

   (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Hernandez***, 79 A.3d 649, 652 (Pa. Super. 2013).

> The PCRA court determined that Appellant failed:

> to plead and prove that his petition meets one of the three exceptions to the one-year time bar. Nor is he able to meet his burden of proving an exception or that he met the exceptions' 60-day filing requirement. [Appellant] simple made a bare assertion in his July 21, 2015 Amended PCRA petition that "the delay caused stands on behalf of government officials." This is not enough. Thus, [Appellant's] petition was untimely and this court lacked jurisdiction to hear his claims.

PCRA Court Opinion, 5/3/17, at 4.

Again, our review of the record confirms the PCRA court's findings and its conclusion that Appellant failed to plead and prove any of the exceptions to the PCRA's timeliness requirement. 42 Pa.C.S. § 9545(b)(1). To the extent Appellant asserts that his claims of ineffective assistance of counsel save his petition, he is incorrect. ***See Commonwealth v. Mitchell***, 141 A.3d 1277 (Pa. 2016) (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits). Thus, the PCRA court did not err in denying Appellant's untimely PCRA petition.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fariror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to

hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/18