2016 PA Super 148

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DWAYNE BROWN, | |
| Appellant | No. 1307 EDA 2015 |

Appeal from the PCRA Order March 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0307362-1996

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                **FILED JULY 11, 2016**

Dwayne Brown ("Appellant") appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his fourth petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.*, as untimely filed.  Herein, Appellant contends it is unconstitutional to apply the PCRA timeliness provisions to bar a petition bringing a "gateway claim of actual innocence"[1] under **Brady v. Maryland**, 373 U.S. 83 (1963), and he argues the court erred in dismissing his petition without a review of the entire record.  We affirm.

The PCRA court aptly describes the procedural history of this case as follows:

_____

[1] **See** Appellant's brief at 6.

_____

*Former Justice specially assigned to the Superior Court.

On November 10, 1997, following a jury trial before Judge Jane Cutler Greenspan,[ ] Petitioner was found guilty of murder of the first degree, possessing an instrument of crime, criminal conspiracy, and attempted murder.  Petitioner was sentenced to life imprisonment for murder of the first degree and to concurrent terms of ninety-six (96) months to twenty (20) years on the attempted murder charge and five (5) to ten (10) years on the criminal conspiracy charge.[ ]   No further penalty was imposed for possessing an instrument of crime. . . .

Petitioner subsequently filed a direct appeal claiming ineffective assistance of counsel.  On May 28, 1999, the Pennsylvania Superior Court affirmed the judgments of sentence.[ ]   The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on January 14, 2000.[ ]   Petitioner's judgment of sentence became final on June 12, 2000, when his petition for certiorari with the U.S. Supreme Court was denied.[ ]

Petitioner filed a timely *pro se* PCRA petition on December 5, 2000.[ ]   Counsel was subsequently appointed and filed an Amended Petition which alleged after-discovered evidence, specifically, that Jermaine Brute (also known as Yassin Mohamad), who testified for the Commonwealth at trial, wished to recant his trial testimony.  Following a PCRA hearing on October 16, 2001, this court dismissed Petitioner's claims as meritless and denied PCRA relief on November 30, 2001. Petitioner appealed, and the Superior Court affirmed the court's decision.[ ] The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on June 3, 2003.[ ]

Petitioner filed his second *pro se* PCRA petition on July 20, 2005. It was dismissed as untimely on April 17, 2006.

On June 13, 2007 Petitioner filed his third counseled PCRA petition.  He invoked the after-discovered evidence exception to time-bar and introduced a letter from Yassin Mohamad to Attorney Cheryl J. Strum (dated April 16, 2007) in which Mohamad express readiness to recant his trial testimony.[ ] On October 9, 2007, Petitioner filed an Amended PCRA petition introducing a summary of an interview with Rasheed Simpson conducted by a defense private investigator on August 14, 2007 (in which Simpson recanted his statements to police with regard to Petitioner's confession about killing Police Officer Porter).[ ] On March 10, 2008, Petitioner's third PCRA petition was

dismissed as previously litigated in Petitioner's first PCRA petition. On January 21, 2009, the Superior Court affirmed.[ ] Petitioner did not seek further appellate review.

On July 29, 2013, Petitioner filed his fourth PCRA petition through his counsel Cheryl J. Sturm. On December 12, 2014, the Commonwealth filed a Motion to Dismiss. On February 3, 2015, [the PCRA court] issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising Petitioner of [the PCRA court's] intent to dismiss the petition in twenty (20) days from the date of the Notice. On March 18, 2015, Petitioner filed a belated Opposition to Commonwealth's Motion to Dismiss PCRA Petition and to the 907 Notice. On March 20, 2015, following a review of the pleadings, record, evidence and argument of counsel, [the PCRA court] issued an Order dismissing the Petitioner's PCRA petition as untimely filed. On April 13, 2015, Petitioner filed a timely Notice of Appeal.

PCRA Court Opinion, filed July 24, 2015, at 1-4 (footnotes omitted).

Appellant presents two questions for our review:

I.   WHETHER THE STATUTORY CONSTRUCTION ACT MAKES IT FACIALLY UNCONSTITUTIONAL TO APPLY THE PCRA'S TIMELINESS PROVISIONS TO A BRADY CLAIM OR A CLAIM THAT A BRADY VIOLATION LED TO THE CONVICTION OF AN INNOCENT PERSON?

II.  WHETHER THE PCRA COURT DENIED DUE PROCESS OF LAW GUARANTEED BY THE STATE AND FEDERAL CONSTITUTIONS WHEN IT DENIED THE PCRA PETITION WITHOUT A REVIEW OF THE ENTIRE RECORD?

Appellant's brief at 2.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa.Super. 2011), **appeal denied**, 615 Pa. 784, 42 A.3d 1059 (2012) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

(citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001)).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

**Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa.Super. 2013).

First, Appellant contends it is unconstitutional to apply the PCRA timeliness provisions to a PCRA petition bringing a claim of actual innocence under **Brady**. To support this proposition, he cites to **McQuiggan v. Perkins**, 133 S.Ct. 1924 (2013), in which the United States Supreme Court held that petitioners who assert a convincing actual innocence claim may thereby invoke the miscarriage of justice exception to overcome the federal *habeas corpus* statute of limitations. Our jurisprudence, however, has already deemed such decisions pertaining to federal *habeas corpus* law irrelevant to our construction of the timeliness provisions set forth in the

PCRA.  *See Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa.Super. 2013) ("While *Martinez* [*v. Ryan*, 132 S.Ct. 1309 (2012)] represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.").  While *McQuiggan* represents a further development in federal *habeas corpus* law, as was the case in *Saunders,* this change in federal law is irrelevant to the time restrictions of our PCRA.  Because Appellant's fourth PCRA is patently untimely, and he has not met his burden of establishing an exception to the PCRA's time-bar, the PCRA court properly determined that it lacked jurisdiction to address the *Brady* claims he raised.  *See Commonwealth v. Porter*, 5 A.3d 4, 21-22 (Pa. 2012) (applying PCRA time-bar to petitioner's *Brady* petition).  We therefore affirm the PCRA court's order denying Appellant post-conviction relief.[2]

Order is AFFIRMED.

_____

[2] Given our determination that the PCRA court lacked jurisdiction to entertain the present petition, Appellant cannot prevail on his second claim in which he asserts a merits-based denial of due process from the PCRA court's alleged failure to review the entire record before dismissing his petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2016