J-S65014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAUL PARHAM | |
| Appellant | No. 444 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0506761-1997

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 14, 2017**

Appellant, Paul Parham, appeals *pro se* from the January 5, 2017 order dismissing his sixth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as follows.  On December 4, 1989, Appellant was involved in a drug-related dispute with Jetta James ("James") and Leon Jones ("Jones").  Appellant shot and killed James and Jones.  On November 23, 1998, Appellant was convicted of two counts of abuse of a corpse,[1] third-degree murder,[2] and criminal

---

[1] 18 Pa.C.S.A. § 5510.

[2] 18 Pa.C.S.A. § 2502(c).

conspiracy.[3]  On February 4, 1999, the trial court sentenced Appellant to an aggregate term of 11 to 22 years' imprisonment.  On direct appeal, this Court affirmed and our Supreme Court denied allowance of appeal. **Commonwealth v. Parham**, 761 A.2d 1237 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 771 A.2d 1282 (Pa. 2000).

On December 18, 2001, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  On March 7, 2003, the PCRA court dismissed the petition.  Appellant did not appeal that dismissal.  On August 25, 2004, Appellant filed his second *pro se* PCRA petition.  On January 13, 2005, the PCRA court dismissed the petition.  This Court affirmed and our Supreme Court denied allowance of appeal.  **Commonwealth v. Parham**, 889 A.2d 116 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 897 A.2d 454 (Pa. 2006).

On December 4, 2007, Appellant filed his third *pro se* PCRA petition.  On July 2, 2008, the PCRA court dismissed the petition.  This Court affirmed the dismissal and our Supreme Court denied allowance of appeal. **Commonwealth v. Parham**, 981 A.2d 930 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 989 A.2d 916 (Pa. 2009).  On January 26, 2011, Appellant filed his fourth *pro se* PCRA petition.  On July 24, 2015, the PCRA court dismissed the petition.  On September 21, 2015, Appellant filed

---

[3] 18 Pa.C.S.A. § 903.

his fifth *pro se* PCRA petition. On June 15, 2016, the PCRA court dismissed the petition.

On July 28, 2016, Appellant filed his sixth *pro se* PCRA petition. On September 9, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. On September 27, 2016, Appellant filed his response to the Rule 907 notice. On January 5, 2017, the PCRA court dismissed the petition. This timely appeal followed.[4]

Appellant presents one issue for our review:

> Whether this Court should [r]emand this matter to the [PCRA court] for [] further proceedings based on [newly-discovered facts] regarding the competency of [PCRA] counsel[?]

Appellant's Brief at 3.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" **Commonwealth v. Brown**, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A]

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Nonetheless, on March 17, 2017, the PCRA court issued a Rule 1925(a) opinion.

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S.A. § 9545(b)(3).  Appellant's judgment of sentence became final on March 20, 2001.  **See** Sup. Ct. R. 13.  Appellant's sixth PCRA petition was filed on July 28, 2016.  Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  "The petitioner bears the burden to plead and prove an applicable statutory exception."  **Commonwealth v. Hudson**, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 2017 WL 3614192 (Pa. Aug. 23, 2017).

In his lone appellate issue, Appellant argues that the PCRA court erred in dismissing his petition as untimely because he satisfied the newly-discovered fact exception to the PCRA's one-year time bar. The newly-discovered fact exception

> has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth. v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal quotation marks and citations omitted; emphasis removed).

Appellant argues that he recently discovered that PCRA counsel, who was appointed to represent him with respect to his first PCRA petition, had disciplinary and personal problems at the time Appellant's first PCRA petition was pending. Appellant argues that PCRA counsel abandoned him by failing to appeal the March 7, 2003 order dismissing his first PCRA petition and failing to consult Appellant regarding whether an appeal was appropriate. Appellant contends that this newly-discovered fact, *i.e.*, PCRA counsel's disciplinary and personal problems, helps establish that PCRA counsel was *per se* ineffective for failing to file a notice of appeal and consult Appellant regarding whether an appeal was appropriate.

It is well-settled that "a conclusion that previous counsel was ineffective is not a newly discovered fact entitling [a petitioner] to the benefit of the exception for newly-discovered facts. In sum, a conclusion that previous

counsel was ineffective is not the type of newly-discovered fact encompassed by the exception." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1285 (Pa. 2016) (internal quotation marks and citation omitted). There is, however, an exception to this general rule if a petitioner discovers that prior counsel abandoned him or her. ***Bennett***, 930 A.2d at 1273. In such cases, a petitioner can satisfy the newly-discovered fact exception if he or she files the petition within 60 days of learning of such abandonment.

In this case, Appellant was aware of PCRA counsel's alleged abandonment by December 12, 2008. ***See*** Appellant's Brief in 2769 EDA 2008, 12/12/08, at 12 (arguing that PCRA "counsel effectively abandoned Appellant by failing to preserve and protect his appellate rights or notify Appellant that he had failed to do so"). Appellant filed the instant petition on July 28, 2016 – more than seven years after he became aware of PCRA counsel's alleged abandonment. The discovery regarding PCRA counsel's disciplinary problems did not contribute to Appellant learning of PCRA counsel's alleged abandonment. Accordingly, Appellant failed to plead and prove that applicability of the newly-discovered fact exception and the PCRA court correctly held that it lacked jurisdiction to reach the merits of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017