J-S76033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY HENRY, | |
| Appellant | No. 824 EDA 2017 |

Appeal from the PCRA Order February 17, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1000081-1996

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED JANUARY 09, 2018**

Appellant, Anthony Henry, appeals *pro se* from the order dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following facts and procedural history of this case from our independent review of the certified record.  On February 26, 1999, Appellant was convicted by a jury of first-degree murder and abuse of a corpse.  The charges arose from Appellant's strangulation of his then-girlfriend to death with a telephone cord in March of 1994.  Appellant was twenty-five years old at the time of the murder.  The trial court sentenced Appellant to an aggregate term of life imprisonment.

_____

[*] Retired Senior Judge assigned to the Superior Court.

This Court affirmed the judgment of sentence on July 18, 2001. (**See Commonwealth v. Henry**, 782 A.2d 1054 (Pa. Super. 2001) (unpublished memorandum)). Our Supreme Court denied Appellant's petition for allowance of appeal on December 4, 2001. (**See Commonwealth v. Henry**, 793 A.2d 905 (Pa. 2001)). Appellant litigated three unsuccessful PCRA petitions thereafter, filed on June 3, 2002, October 27, 2008, and October 11, 2011.

On March 14, 2016, Appellant filed the instant *pro se* PCRA petition, claiming a right to relief predicated on the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012).[1] (**See** PCRA Petition, 3/14/16, at 3-4, 8 (arguing that mandatory sentences of life without parole for individuals over the age of seventeen are also unconstitutional)). The PCRA court issued notice of its intent to dismiss the petition without further proceedings on January 6, 2017. **See** Pa.R.Crim.P. 907(1). It entered its order dismissing Appellant's PCRA petition on February 17, 2017. This timely appeal followed.[2]

---

[1] The **Miller** Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. **See Miller**, **supra** at 2460. In **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), the Court determined that its **Miller** holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review. **See Montgomery**, **supra** at 736.

[2] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on May 1, 2017. The PCRA court entered an opinion on June 22, 2017. **See** Pa.R.A.P. 1925.

On appeal, Appellant argues for an extension of the precepts set forth in **Miller** to adult offenders. (**See** Appellant's Brief, at 3, 10-18).[3]

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Brown**, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

We begin by addressing the timeliness of Appellant's petition.

> The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

> It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

> The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the

---

[3] We have summarized Appellant's issues for ease of disposition; his brief is difficult to follow and nearly unintelligible. However, it is clear that the crux of his claim is that **Miller** must be applied in this case.

timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted).

Here, Appellant's judgment of sentence became final on March 4, 2002, ninety days after our Supreme Court denied allowance of appeal. *See* U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until March 4, 2003, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on March 14, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant invokes the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), by arguing that his life sentence should be considered unconstitutional pursuant to **Miller** and **Montgomery**. (**See** Appellant's Brief, at 10-16; **see also** PCRA Petition, at 3-4, 8). We disagree.

This Court has expressly "[held] that petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (case citation omitted). Therefore, Appellant, as an adult offender, falls outside the ambit of **Miller**, and his arguments predicated on an extension of **Miller** and **Montgomery** fail. **See id.**

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's

time-bar.  **See Robinson**, **supra** at 185-86.  Accordingly, we affirm the order

of the PCRA court.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/18