J-S09014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RODNEY JERMAINE JOHNSON, | : | |
| | : | No. 1963 MDA 2016 |
| Appellant | : | |

Appeal from the PCRA Order November 21, 2016
in the Court of Common Pleas of York County
Criminal Division at No.:  CP-67-CR-0006484-2008

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 16, 2018**

Appellant, Rodney Jermaine Johnson, appeals *pro se* from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

The PCRA court set forth the facts and procedural history of this case as follows:

> On May 13, 2009[,] a jury found Appellant guilty of two counts of forcible rape, two counts of forcible involuntary deviate sexual intercourse, aggravated assault, aggravated indecent assault without consent, and simple assault.  On August 26, 2009[,] Appellant was sentenced to 28-to-56 years. . . . After the Pennsylvania Superior Court affirmed this court's order, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March [1], 2011.  [(**See Commonwealth v. Johnson**, 13 A.3d 991 (Pa. Super. 2010), *appeal denied*, 17 A.3d 1252 (Pa. 2011) (unpublished memorandum).]

> On March 21, 2011[,] Appellant filed a *pro se* PCRA petition. This court appointed Attorney Korey Leslie to represent him,

_____
* Retired Senior Judge assigned to the Superior Court.

granted his request for *in forma pauperis* status and held the PCRA hearing on October 7, 2011. During the hearing, this court heard testimony from Attorney Marc Semke and from Appellant. After a thorough review of the testimony and the record, we determined that [his] petition is without merit and we denied his first PCRA petition on October 7, 2011. Appellant appealed the decision to the Superior Court but his appeal was quashed by the Superior Court on March 27, 2012[,] for failure to file a brief that complied with Pa.R.A.P. 2111.

On October 24, 2012[,] Appellant filed a motion for a new trial on the basis of after-discovered evidence; however, Appellant failed to describe such evidence or to provide any information as to how and where such evidence could be obtained. Appellant's motion was denied on October 31, 2012 as untimely[.] . . . The petition was treated as a second PCRA petition.

On November 13, 2013[,] Appellant filed a petition requesting a new trial on the basis of after-discovered evidence that was treated as a third PCRA petition. Appellant again failed to describe the nature or character of the evidence, and it appears he simply re-typed and re-submitted his October 24, 2012 motion for a new trial, which this court had already denied as untimely. Appellant appealed the decision to the Superior Court and the Superior Court affirmed the decision in its opinion filed on September 25, 2014.

On September 18, 2014[,] Appellant filed a fourth PCRA petition citing withheld evidence and an illegal sentence pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The Commonwealth filed a response on November 6, 2014. The petition was found to lack merit and was denied by order dated November 14, 2014.

Appellant filed his fifth PCRA petition on March [19], 2015, again citing withheld evidence and an illegal sentence. The PCRA court denied [his] fifth PCRA petition for untimeliness and lack of merit on March 30, 2015. Appellant filed a notice of appeal to the Superior Court on April 14, 2015. The Superior Court affirmed this court's decision on February 10, 2016. Appellant filed a petition for allowance of appeal to the Supreme Court on February 18, 2016. The Supreme Court denied the petition for allowance of appeal on June 2, 2016.

Appellant filed yet another petition for new trial and new judge citing bias, withheld evidence and an illegal sentence on November 14, 2016. The petition was Appellant's sixth PCRA petition[1] and identical in format and substance as his fifth PCRA petition. After review, the petition was denied by order dated November 21, 2016. This instant [timely] appeal followed.

(PCRA Court Opinion, 10/25/17, at 1-3) (record citations and some capitalization omitted).[2]

Appellant raises the following issues for our review:

1. Was the sentence of imprisonment by the court, was [sic] excessive against the weight of the evidence to charge an convict [sic] [A]ppellant?

2. Did courts failed [sic] to articulate sufficient reasons for his deviation from the guidelines, and use bias statements towards [A]ppellant?

3. Did sentence court abused [sic] its discretion in sentencing [A]ppellant above the aggravated range to the maximum sentence to be consecutive?

4. Was [A]ppellant Constitutional rights violated to be excluded [sic], un-informed of exculpatory information (*i.e.*, to receive a copy of the (DNA) results) known to the [C]ommonwealth prosecutor before trial jury [sic][?]

(Appellant's Brief, at 4).

_____

[1] We note that the PCRA court properly treated Appellant's filing, styled as a "Petition of Appellate Review of Sentence[,]" as a PCRA petition. (PCRA Petition, 11/14/16, at 1) (most capitalization omitted). **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) ("We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation omitted).

[2] Appellant filed a concise statement of errors complained of on appeal in advance of the PCRA court's directive to do so. The court entered an opinion on October 25, 2017. **See** Pa.R.A.P. 1925.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations

omitted).

We begin by addressing the timeliness of Appellant's petition.

. . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185-86 (Pa. 2016) (quotation

marks and some citations omitted).

In the instant case, Appellant's judgment of sentence became final on

May 30, 2011, ninety days after our Supreme Court denied allowance of

appeal. *See* U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had until May 30, 2012, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on November 14, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, in the argument section of his brief, comprised of a single cursory paragraph, Appellant does not acknowledge the untimeliness of his petition, or allege the applicability of **any** exception to the PCRA's time-bar. (*See* Appellant's Brief, at 7). Appellant instead focuses on a claim that he already

unsuccessfully litigated on direct appeal. (***See id.*** (challenging the discretionary aspects of his sentence); ***see also Commonwealth v. Johnson***, 1798 MDA 2009, at \*3, 6-10 (unpublished memorandum)). Because Appellant did not allege and prove any exception to the time-bar, we conclude that he has failed to meet his burden under the PCRA, and the PCRA court and this Court lack jurisdiction to review the merits of his untimely petition. ***See Robinson***, ***supra*** at 185-86. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2018