J-S29028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES COLEY, | : | |
| | : | |
| Appellant | : | No. 726 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1217311-1973

BEFORE: PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED MAY 30, 2018**

Charles Coley (Appellant) appeals *pro se* from the order denying as untimely his ninth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts as follows:

On August 19, 1974, [Appellant] was tried and convicted by a jur[y] of murder in the first degree, attempted robbery, and criminal conspiracy, before the Honorable Theodore B. Smith. The trial court granted [Appellant] a [new trial] following post-verdict motions. However, on appeal, the Pennsylvania Supreme Court reversed and remanded for sentencing. [Appellant] was sentenced to life imprisonment on April 21, 1976. No direct appeal was filed.

PCRA Court Opinion, 4/19/17, at 1 (footnote omitted).

Over the course of the next 35 years, Appellant filed nine petitions for PCRA relief and two federal petitions for *habeas corpus*, all of which were

_____

* Former Justice specially assigned to the Superior Court.

denied. ***See Commonwealth v. Coley***, 1029 EDA 2010 at * 1-3 (Pa. Super. Nov. 8, 2010) (unpublished memorandum) (detailing the procedural history).

On February 23, 2015, Appellant filed the instant *pro se* PCRA petition seeking a new trial on the basis of newly discovered exculpatory evidence and governmental interference. On August 24, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure and Appellant filed a *pro se* response. On February 10, 2017, the PCRA court dismissed Appellant's petition as untimely.

Appellant filed a timely *pro se* notice of appeal. Although it did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, the PCRA court filed a Rule 1925(a) opinion in which it set forth and discussed the governmental interference and newly discovered fact claims that Appellant raised in his PCRA petition.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).

It is well-settled that the timeliness of a post-conviction relief petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010)

(citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id.* "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves an exception to the timeliness requirements. 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)). A PCRA petition invoking one of these statutory exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Appellant was sentenced to life imprisonment in 1976 and did not pursue a direct appeal from his judgment of sentence. Accordingly, the instant petition, which Appellant filed nearly 40 years after his judgment of sentence became final, is untimely on its face. *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. Appellant argues that his claims satisfy both the governmental interference and newly discovered facts exceptions to the PCRA's time-bar. 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). In its Rule 1925(a) opinion, the PCRA court aptly summarized and resolved Appellant's claims

relating to the timeliness exception to the PCRA's time limitation. The PCRA court explained:

> [Appellant] unsuccessfully attempted to invoke the interference by government official exception as codified in Section 9545(b)(1)(i). [Appellant's] claim concerned the immunity agreement that Commonwealth witness, Andre Anderson, entered with the Commonwealth and Pennsylvania Attorney General's Office. [Appellant] alleged that the trial court interfered with his right to impeach Anderson by concealing the immunity petition from the jury. PCRA Petition, 2/23/15, at 6. [Appellant] also claimed that the Commonwealth refused to provide him with a copy of the immunity petition which allowed the Commonwealth to withhold critical evidence about the firearm that Anderson testified about. [*Id.*] at 13.
>
> To plead and prove the governmental interference exception, [Appellant] must show that his failure to raise the claim previously was a result of government interference. [42 Pa.C.S.A.] § 9545(b)(1)(i). Here, [Appellant] did not allege that the trial court interfered with his right to raise this issue either on direct appeal or collaterally. In fact, the record revealed that both [Appellant] and trial counsel were aware of the immunity petition and had previously raised it in a [federal] petition for writ of habeas corpus . . . and in a previous [state petition for post-conviction relief]. Additionally, even if raised in a timely fashion, as this claim has been previously raised, [Appellant] was not eligible for relief. 42 Pa.[C.S.A.] § 9543(a).
>
> [Appellant also] attempted to invoke the "newly discovered facts" exception enumerated in 42 Pa.[C.S.A.] § (b)(1)(ii) by claiming the Commonwealth withheld information about the firearm used in the homicide. Although it was unclear what argument [Appellant] was attempting to advance, it appeared that he was alleging [the] Commonwealth falsely categorized the changed appearance of the firearm used in the homicide as rusted and corroded. In support of [Appellant's] assertions, he submitted an affidavit by Dr. Joseph Betz, dated January 13, 2015, purporting to disprove Commonwealth's theory that the firearm was corroded.
>
> Upon review, [Appellant] has failed to state what due diligence, if any, he took to secure the alleged newly discovered

evidence. Furthermore, he does not explain why he could not have discovered this information at an earlier time, specifically since [Appellant] fully admitted he knew of the prosecution's theory at trial. To raise this claim in a timely manner, [Appellant] needed to plead and prove that he raised it within 60 days of when it was discoverable. Here, [Appellant] does not demonstrate when the testimony disput[ing] the appearance of the gun was available, that he raised it within 60 days, and/or a reason demonstrated why it was timely under and exception. Therefore, [Appellant] has utterly failed to raise this claim in a timely manner, and this court is without jurisdiction to review the merits of his claim.

PCRA Court Opinion, 4/19/17, at 3-5 (footnotes omitted).

Our review supports the PCRA court's conclusion that Appellant failed to meet his burden in proving an exception to the timeliness requirements of the PCRA. Having determined that it lacked jurisdiction to address Appellant's claims, the PCRA court properly dismissed Appellant's petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/18