J-S53011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD G. WEAVER | : | |
| | : | |
| Appellant | : | No. 2600 EDA 2017 |

Appeal from the PCRA Order July 12, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-1111253-1976

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 08, 2018**

Appellant, Ronald G. Weaver, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following factual and procedural history from the PCRA court's September 14, 2017 opinion and our independent review of the certified record.  On March 20, 1980, a jury convicted Appellant of murder of the first degree and related charges.  The charges related to Appellant's role in the robbery and stabbing death of the victim on October 24, 1976.  On November 18, 1980, the trial court sentenced Appellant to a mandatory term of life imprisonment without parole.  This Court affirmed the judgment of sentence on May 14, 1982.  (**See Commonwealth v. Weaver**, 446 A.2d 684 (Pa. Super. 1982) (unpublished memorandum)).

_____
*   Retired Senior Judge assigned to the Superior Court.

Appellant filed a counseled first PCRA petition on June 29, 1988, which the court dismissed on March 19, 1990. This Court affirmed the dismissal on May 8, 1991, and the Pennsylvania Supreme Court denied further review on October 11, 1991. (*See Commonwealth v. Weaver*, 595 A.2d 195 (Pa. Super. 1991) (unpublished memorandum), *appeal denied*, 600 A.2d 195 (Pa. 1991)).

On August 20, 2012, Appellant filed his second PCRA petition *pro se*. He also submitted a supplemental filing on December 20, 2016. On May 25, 2017, the PCRA court served notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant filed a response to the court's notice on June 15, 2017. The court dismissed Appellant's petition as untimely on July 12, 2017. Appellant timely appealed.[1]

Appellant raises two questions for our review:

I. Did [the trial court] have proper [j]urisdiction to try [Appellant] . . . in first instant (sic)?

II. Is *Miller v. Alabama*[, 567 U.S. 460 (2012),] ruling applicable to [Appellant], who was a juvenile according to Pennsylvania statutory law?

(Appellant's Brief, at 3).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. The court filed an opinion on September 14, 2017. *See* Pa.R.A.P. 1925.

PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

Before we can address the merits of the issue[] raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. [*See*] 42 Pa.C.S.[A.] § 9545(b). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.[A.] § 9545(b)(3).

*Commonwealth v. Graves*, ___ A.3d ___, 2018 WL 4998262, at *3 (Pa. Super. filed Oct. 16, 2018) (case citations and quotation marks omitted).

Here, Appellant's judgment of sentence became final on June 13, 1982, when his time to file a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had until June 14, 1983, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on August 20, 2012, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled

and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).[2] Specifically, he argues that, although he was over eighteen at the time of the crime, his life sentence is unconstitutional pursuant to ***Miller*** and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).[3] (***See*** Appellant's Brief, at 7-13). We disagree.

This Court has expressly "[held] that petitioners who were older than [eighteen] at the time they committed murder are not within the ambit of the ***Miller*** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)."

---

[2] The exception at subsection (iii) requires a petitioner to plead and prove that: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

[3] In ***Miller***, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. ***See Miller***, ***supra*** at 465. In ***Montgomery***, the United States Supreme Court determined that its ***Miller*** holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review. ***See Montgomery, supra*** at 736.

*Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (case citation omitted). Therefore, Appellant's argument predicated on *Miller* and *Montgomery* fails. *See id.*

Moreover, we are not legally persuaded by Appellant's argument that the language of the Pennsylvania Juvenile Act renders *Miller* and *Montgomery* applicable to him. (*See* Appellant's Brief, at 8, 12). Even assuming *arguendo* that the Act somehow affected *Miller* and this Court's precedent applying it, which it does not, Appellant's prior act of delinquency, allegedly committed when he was fifteen years of age,[4] does not render the murder he committed after his eighteenth birthday a juvenile offense. (*See* Appellant's Brief, at 7-12); 42 Pa.C.S.A. § 6302 (defining "child" as individual who (1) is under the age of 18 years; [or] (2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years[.]"); *In re J.M.*, 42 A.3d 348, 353 n.4 (Pa. Super. 2012) ("The 'act of delinquency' referenced in [section 6302] must refer to an act that occurred prior to the person's 18th birthday. Otherwise, the 'act' would not have led to delinquency proceedings, but to criminal charges as an adult.").

Accordingly, because Appellant has failed to plead and prove an exception to the timeliness requirements of the PCRA, the court properly

---

[4] In his supplemental PCRA petition, Appellant "claim[ed] in a sworn affidavit that he was adjudicated delinquent at fifteen (15) years of age." (Supplement to PCRA Petition, 12/20/16, at unnumbered page 5; *see also* Appellant's Brief, at 9).

dismissed his petition as untimely.  **See Brown**, **supra** at 420; **Jackson**,

**supra** at 519.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/18