J-S57005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD TERELL STOCKTON | : | |
| | : | |
| Appellant | : | No. 844 MDA 2019 |

Appeal from the PCRA Order Entered May 8, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000254-2014

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 25, 2019**

Ronald Terell Stockton appeals *pro se* from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

The PCRA court summarized the history of this case as follows:

> As has been the *modus operandi* of [Appellant], his latest PCRA petition echoes a laundry list of alleged grievances against the trial court, his court-appointed trial counsel, and the Huntingdon County District Attorney.  [Appellant]'s allegations, which have been previously litigated, are raised again well-after the final judgment in this case.
>
> . . . [Appellant] was found guilty of one count of aggravated assault after a trial by jury on September 16, 2014.  He was sentenced to 27 to 100 months in a state correctional institution to run consecutively to any sentence that he was then serving. [Appellant] subsequently filed multiple post-sentence motions and multiple appeals to the Superior Court.
>
> After the judgment of sentence was affirmed by the Superior Court on December 4, 2015, [Appellant's] petition for allowance

of appeal to the Pennsylvania Supreme Court was denied at 14 MAL 2016 on April 20, 2016.

[Appellant] then filed a PCRA petition that was dismissed by this court on August 15, 2017, and that dismissal was affirmed by the Superior Court on August 6, 2018, at 1421 MDA 2017. On May 3, 2019, [Appellant] filed another document entitled PCRA petition that he referred to in the preamble as a "*nunc pro tunc* PCRA petition." It is the dismissal of [the] May 3, 2019 petition that brings us to [Appellant's] latest appeal.

PCRA Court Opinion, 7/8/19, at 1-2 (unnecessary capitalization omitted).

Appellant states several questions for this Court's consideration. However, our resolution of the following are dispositive of this appeal:

A. Whether the [PCRA] court failed to analyze [Appellant]'s claim/petition as meeting the time exception to the PCRA under actual innocence?

B. Whether the [PCRA] court failed to analyze [Appellant]'s claim/petition as meeting the exception to the time bar of [the] PCRA under the miscarriage of justice analysis?

Appellant's brief at 1.[1]

We begin our review by noting that it is well-settled that the timeliness

of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v.***

_____

[1] The PCRA court, by order served on Appellant by first class mail on June 4, 2019, directed Appellant to file a statement of errors complained of on appeal within twenty-one days pursuant to Pa.R.A.P. 1925(b). On July 8, 2019, the clerk of courts docketed a statement that Appellant dated June 7, 2019. We shall assume for the sake of argument that Appellant's statement was timely filed pursuant to the prisoner mailbox rule. ***See***, ***e.g.***, ***Commonwealth v. Saunders***, 946 A.2d 776, 780 n.7 (Pa.Super. 2008) (accepting under the prisoner mailbox rule date on proof of service as the date on which 1925(b) statement was filed). His statement includes the issues we address herein. ***See*** Statement of Errors Complained of on Appeal, 7/8/19, at 4.

*Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to timeliness is satisfied. Those exceptions relate to governmental interference with the presentation of the claim; newly-discovered facts; and a newly-recognized, retroactively-applicable constitutional right. **See** 42 Pa.C.S. § 9545(b)(1).

Appellant, conceding that his petition is facially untimely, urges us, as he urged the PCRA court, to acknowledge "actual innocence" and "miscarriage of justice" as exceptions to the PCRA's time bar. **See** Appellant's brief at 1; PCRA Petition, 5/3/19, at 1. Appellant's contentions are unavailing.

> [I]t is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions. The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.

*Commonwealth v. Harris*, 972 A.2d 1196, 1200 (Pa.Super. 2009). Specifically, this Court has held that neither "actual innocence" nor "miscarriage of justice" are viable PCRA timeliness exceptions. **See** *Commonwealth v. Brown*, 143 A.3d 418, 420-21 (Pa.Super. 2016) (rejecting actual innocence as a basis for jurisdiction over an untimely PCRA petition); *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa.Super. 2007) ("[T]here is no 'miscarriage of justice' standard exception to the time requirements of the PCRA.").

Accordingly, because Appellant failed to plead any cognizable exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2019