J-S40035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTHUR WILLIAMS | : | |
| | : | |
| Appellant | : | No. 329 EDA 2020 |

Appeal from the PCRA Order Entered December 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0328191-1992

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:             **FILED SEPTEMBER 23, 2020**

Appellant, Arthur Williams, *pro se*, appeals from the order entered December 17, 2019, that dismissed his fourth petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

> Appellant is currently serving a life sentence for murder in the second  degree, with concurrent sentences for criminal conspiracy and possession of an instrument of crime.  Appellant's convictions arose from an armed holdup of a clothing store in Philadelphia on October 23, 1990.  This Court affirmed judgment of sentence on direct appeal and also vacated a sentence for robbery.   The Supreme Court denied *allocatur* on December 1, 1998.
>
> Appellant filed a timely petition for collateral relief on July 28, 1999.  He received appointed counsel who reviewed the record and concluded that there were no meritorious issues that could be raised in an amended petition.  Counsel therefore filed a "no merit'' letter and requested permission to withdraw pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

> PCRA court dismissed the petition and granted counsel's request. Appellant was notified of the action taken on his petition and told that he could proceed with privately retained counsel or on his own.

*Commonwealth v. Williams*, No. 2848 EDA 2000, judgment order at 1-2 (Pa. Super. filed October 15, 2001). On appeal, this Court affirmed. *Id.* at 1. Appellant subsequently filed two more PCRA petitions, both of which were denied. Appellant appealed both denials, but both appeals were dismissed by this Court due to Appellant's failure to file a brief.

On August 1, 2019, Appellant filed his fourth PCRA petition, which he acknowledged was untimely, but in which he argued that his actual innocence should overcome the time bar. PCRA Petition, 8/1/2019, at 2. To support this proposition, Appellant cites to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), in which the United States Supreme Court held that petitioners who assert a convincing actual innocence claim may thereby invoke the "miscarriage of justice" exception to overcome the federal *habeas corpus* statute of limitations. PCRA Petition, 8/1/2019, at 3.

On November 26, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On December 17, 2019, the PCRA court dismissed Appellant's petition. On January 15, 2020, Appellant filed this timely appeal.[2]

Appellant presents the following issues for our review:

---

[2] Appellant filed his statement of errors complained of on appeal on February 10, 2020. The trial court entered its opinion on February 21, 2020.

- 2 -

I.  Was the Appellant deprived of his 14th Amendment right to demonstrate his claim of actual innocence as the process afforded to him via the [PCRA], is contrary to the Supreme Court's decision of **McQuiggin v. Perkins**, 569 U.S. 383 (2013)?

II.  Was trial counsel ineffective for failing to raise a sufficiency of evidence claim with regards to the robbery and second degree murder convictions as Appellant is innocent of the crimes for which he was convicted of?

Appellant's Brief at 2 (suggested answers omitted).

The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008).  A PCRA petition must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in 42 Pa.C.S. § 9545.[3]  This Court has previously rejected claims that the PCRA's timeliness requirements do not apply to appellants who assert their innocence.

_____

[3] The three exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

***Commonwealth v. Allison***, 2020 PA Super 168, at *10 n.6. Additionally, this Court has already deemed ***McQuiggin*** and other such decisions "pertaining to federal *habeas corpus* law irrelevant to our construction of the timeliness provisions set forth in the PCRA." ***Commonwealth v. Brown***, 143 A.3d 418, 420-21 (Pa. Super. 2016). Consequently, Appellant has failed to plead an exception to the PCRA time bar, and the PCRA court was without jurisdiction to review the merits of his claim.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/23/2020*