J-S53015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LARRY BURTON | : | |
| | : | |
| Appellant | : | No. 3346 EDA 2017 |

Appeal from the PCRA Order September 12, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-1113431-1999

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 08, 2018**

Appellant, Larry Burton, appeals *pro se* from the dismissal of his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following facts and procedural history from our independent review of the certified record.  On June 27, 2000, after a waiver trial, the court convicted Appellant of murder of the first degree and related charges for his fatal shooting of the victim on the grounds of Martin Luther King High School in Philadelphia.  The same day, the court sentenced him to mandatory life imprisonment on the murder conviction, plus an aggregate concurrent term of incarceration of not less than nine and one-half nor more nineteen years.  This Court affirmed the judgment of sentence on September 12, 2003, and the Pennsylvania Supreme Court denied further review on April 11, 2006.

_____
* Retired Senior Judge assigned to the Superior Court.

(*See Commonwealth v. Burton*, 835 A.2d 828 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 897 A.2d 1183 (Pa. 2006)).

Appellant filed a first PCRA petition *pro se* on September 22, 2006. Appointed counsel filed an application to withdraw and a *Turner*/*Finley*[1] "no merit" letter on June 15, 2009. On July 20, 2009, the court dismissed Appellant's petition and granted counsel leave to withdraw. This Court affirmed the PCRA court's order on July 17, 2012, and our Supreme Court denied further review on February 26, 2013. (*See Commonwealth v. Burton*, 55 A.3d 137 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1243 (Pa. 2013)).

On April 1, 2016, Appellant filed a second *pro se* PCRA petition. On June 1, 2017, the PCRA court provided notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant responded to the notice on August 18, 2017, and, on September 12, 2017, the court dismissed the petition. Appellant timely appealed.[2]

He presents one question for this Court's review:

> I. Was the PCRA court's dismissal of the Appellant's PCRA Petition unsupported by the record and based on legal error

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. It filed an opinion on October 12, 2017. *See* Pa.R.A.P. 1925.

because in light of newly discovered evidence,[3] the court did not take Appellant's youthfulness into consideration before sentencing him to a mandatory life without parole sentence in violation of the ban on cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution and Section 1, Article 13 of the Pennsylvania Constitution?

(Appellant's Brief, at 5).

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations

omitted).

> Before we can address the merits of the issue[] raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. [*See*] 42 Pa.C.S.[A.] § 9545(b). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3).

*Commonwealth v. Graves*, ___ A.3d ___, 2018 WL 4998262, at *3 (Pa.

Super. filed Oct. 16, 2018) (case citations and quotation marks omitted).

---

3 Although Appellant's statement of questions references "newly discovered evidence," it is apparent from the argument section of his brief that his intent is to avail himself of the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). (Appellant's Brief, at 5; *see id.* 9-13).

Here, Appellant's judgment of sentence became final on July 10, 2006, when his time to file a petition for writ of *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had until July 10, 2007, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on April 1, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." ***Id.*** at § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii),[4] by arguing that his life sentence is unconstitutional pursuant

---

[4] The exception at subsection (iii) requires a petitioner to plead and prove that: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

to *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).[5]  (*See* Appellant's Brief, at 9-13).  Appellant acknowledges that he "was 19 years of age at the time of the offense[,]" but that, "[b]ecause the trial court did not take [his] youthfulness into consideration," his sentence of life imprisonment is unconstitutional pursuant to *Miller* and *Montgomery*.  (*Id.* at 9, 13).  We disagree.

This Court has expressly "[held] that petitioners who were older than [eighteen] at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (case citation omitted).  Therefore, Appellant's argument predicated on an extension of *Miller* and *Montgomery* fails.[6]  *See id.*

---

[5] In *Miller*, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. *See Miller*, *supra* at 465.  In *Montgomery*, the United States Supreme Court determined that its *Miller* holding constituted a new substantive rule of constitutional law that must be applied retroactively to cases on collateral review.  *See Montgomery, supra* at 736.

[6] Appellant's reliance on *People v. House*, 72 N.E.3d 357 (Ill. App. Ct. 2015), in support of his argument is misplaced.  (*See* Appellant's Brief, at 9-13).  This Court is not bound by the appellate decisions of other states, and may only use them "for guidance to the degree we find them useful and not incompatible with Pennsylvania law."  *Commonwealth v. Manivannan*, 186 A.3d 472, 483-84 (Pa. Super. 2018) (citation omitted).

Accordingly, because Appellant has failed to plead and prove an exception to the timeliness requirements of the PCRA, the court properly dismissed his petition as untimely. **See Brown**, **supra** at 420; **Jackson**, **supra** at 519.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/18