J-S49029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LONNIE WRIGHT | |
| Appellant | No. 3798 EDA 2017 |

Appeal from the PCRA Order Entered September 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0716031-1984

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:              **FILED NOVEMBER 12, 2019**

Appellant Lonnie Wright *pro se* appeals from the September 15, 2017 order of the Court of Common Pleas of Philadelphia County, which dismissed as untimely his fifth petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are uncontested.  In connection with a deadly shooting that occurred outside of a Philadelphia bar,[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] By way of background, on January 7, 1984, Appellant got into an argument with the victim who was visibly intoxicated inside the Talk of the Town Bar in Philadelphia.  The victim was escorted out of the bar by one of the patrons.  Appellant then took a gun from underneath the bar and checked to make sure it was loaded.  He then went outside and asked the victim if he was going to apologize.  After the victim declined, Appellant shot him twice.  The victim died because of the gunshot wounds.  **See** PCRA Court Opinion, 12/5/18, at 1.

a jury, on April 26, 1985, found Appellant guilty of first-degree murder and possessing an instrument of crime ("PIC").[2] The trial court sentenced Appellant to life imprisonment for the first-degree murder conviction and imposed a consecutive term of one to five years' imprisonment for the PIC conviction. On November 4, 1987, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Wright*, 536 A.2d 830 (Pa. Super. 1987) (unpublished memorandum). On June 1, 1988, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Wright*, 544 A.2d 961 (Pa. 1988). Appellant did not file a petition for writ of certiorari with the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on August 30, 1988.[3]

On April 7, 1992, Appellant filed his first PCRA petition, which the PCRA court denied. We affirmed. *Commonwealth v. Wright*, 688 A.2d 1231 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 695 A.2d 786 (Pa. 1997).

_____

[2] 18 Pa.C.S.A. §§ 2502 and 907, respectively.

[3] The version of the United States Supreme Court Rules in effect when Appellant's petition for *allocatur* was denied provided that "[a] petition for writ of certiorari to review the judgment in a criminal case of state court of last resort . . . rendered after June 1, 1984, shall be deemed in time when it is filed with the Clerk within 60 days after the entry of such judgment. A Justice of this Court, for good cause shown, may extend the time for applying for a writ of certiorari in such cases for a period not exceeding 30 days." Former U.S. Sup. Ct. Rule 20.1 (1984). Because Appellant potentially had up to 90 days to file a petition for a writ of certiorari, we have used that number to determine the date on which his judgment became final.

On May 12, 1998, Appellant filed his second PCRA petition, alleging, *inter alia*, that it was filed timely because the Commonwealth interfered with his appellate rights in failing to provide the victim's post-mortem toxicology report prior to trial, during trial or after trial. The PCRA court denied as untimely Appellant's second petition and on September 29, 1999, this Court affirmed the PCRA court's order. **See Commonwealth v. Wright**, 747 A.2d 423 (Pa. Super. 1999) (unpublished memorandum), **appeal denied**, 757 A.2d 932 (Pa. 2000). In particular, we determined that the trial court did not err in dismissing as untimely Appellant's second PCRA petition, reasoning, among other things, that:

> There is no indication as to when [Appellant] discovered the contents of the medical examiner's report or how the absence of the report hindered his ability to raise the claim on either direct appeal or through a petition for post-conviction collateral relief We find that [Appellant] has failed to prove that his delay in raising this claim was caused by interference by governmental officials.

*Id.* at 7.

On November 26, 2003, Appellant filed his third PCRA petition, which he captioned as a "writ of *habeas corpus*". Therein, Appellant once again asserted that he was denied access to the victim's post-mortem toxicology report. Appellant also asserted that "he was never charged for PIC," and consequently, his conviction therefor was unconstitutional. The PCRA court dismissed as untimely his third petition. We affirmed. **See Commonwealth v. Wright**, 869 A.2d 17 (Pa. Super. 2004) (unpublished memorandum), **appeal denied**, 882 A.2d 478 (Pa. 2005).

On November 4, 2005, Appellant filed his fourth PCRA petition, alleging again governmental interference in failing to provide him with the victim's post-mortem toxicology report. He further alleged that he received "newly discovered evidence" that the district attorney refused to turn over the post-mortem toxicology report, attaching a letter from the district attorney denying his request for the toxicology report under the Pennsylvania Right to Know Act. The PCRA court denied relief, dismissing as untimely Appellant's fourth petition.[4] On appeal, we affirmed. *See Commonwealth v. Wright*, 953 A.2d 843 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 956 A.2d 435 (Pa. 2008).

On December 2, 2010, Appellant *pro se* filed the instant, his fifth, PCRA petition, which he amended, *inter alia*, on July 13, 2013 and January 15, 2015. Appellant asserted a claim under *Melendez-Diaz*[5] that he was denied the right to confront and cross-examine the medical examiner at trial regarding a post-mortem toxicology report, which Appellant claims, existed and allegedly would have shown that the victim died from illegal drug use, rather than

---

[4] We noted that "Appellant was aware that he had been deprived of the toxicology report since 1999, when he first raised the claim in his second PCRA petition." *Wright*, No. 656 EDA 2007, unpublished memorandum, at 5.

[5] *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009) (holding that the defendant was entitled to confront forensic analysts who had prepared a report regarding the weight of cocaine seized, absent showing that the analysts were unavailable and that the defendant had a prior opportunity to cross-examine them).

gunshot wounds. Next, citing **McQuiggin**,[6] Appellant asserted that he should not have been convicted of first-degree murder because the toxicology report he claims existed allegedly would have demonstrated that the victim did not die from gunshot wounds. Appellant also asserted that he was serving an illegal sentence for PIC because the lower court allegedly dismissed that charge at the preliminary hearing. Finally, Appellant asserted that his appellate counsel was ineffective. In support, Appellant claims that he newly discovered that his appellate counsel was suspended from the practice of law. Following the PCRA court's issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, on September 15, 2017, the PCRA court dismissed the petition as untimely. Appellant timely appealed.[7] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[6] **McQuiggin v. Perkins**, 569 U.S. 383 (2013) (holding that petitioners who assert a convincing actual innocence claim may thereby invoke the miscarriage of justice exception to overcome the federal *habeas corpus* statute of limitations).

[7] The record reflects that Appellant's notice of appeal was dated October 10, 2017, postmarked October 18, 2017 and filed in the PCRA court on November 10, 2017. Even though Appellant had until October 16, 2017 to file a timely notice of appeal, we decline to dismiss this appeal as untimely. The PCRA court failed to apprise Appellant of his appellate rights, as mandated by Pa.R.Crim.P. 907(4) (Upon dismissal of the petition without a hearing, "the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed."). Here, the record is bereft of any indication that the PCRA court sent a notice to Appellant by certified mail, return receipt requested. Accordingly, there is no indication of when Appellant actually was

- 5 -

On appeal,[8] Appellant repeats the foregoing issues. Under the 1995 amendments to the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless of one of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. Indeed, the PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

informed of his right to file an appeal. Given this breakdown in the judicial system, we accept as timely the notice of appeal *sub judice*.

[8] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[9]

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that the Pennsylvania Supreme Court denied Appellant's petition of allowance of appeal on June 1, 1988. Appellant had up to ninety days or until August 30, 1988, to file a petition for writ of certiorari with the United Supreme Court. *See Commonwealth v. Lark*, 746 A.2d 585, 587 (Pa. 2000). Because Appellant did not file a writ of certiorari, his judgment became final on August 30, 1988. *See* 42 Pa.C.S.A. § 9545(b)(3);

_____

[9] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017. As a result, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

Pa.R.A.P. 903(a). Accordingly, Appellant's current filing is facially untimely given it was filed on December 2, 2010.[10]

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant first invokes the "new constitutional right" exception under Section 9545(b)(1)(iii) in arguing that he is entitled to retroactive application of **Melendez-Diaz**. Appellant, however, has not asserted his timeliness exception within sixty days of the date the **Melendez-Diaz** claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). The Supreme Court decided **Melendez-Diaz** on June 25, 2009, and Appellant filed the instant petition on December 2, 2010, well outside of the sixty-day period. Even if Appellant raised his claim within sixty days, he still would not obtain relief. While **Melendez-Diaz** applies retroactively to cases on direct appeal, this Court determined that the case does not apply retroactively to cases on collateral review. **See Commonwealth v. Brandon**, 51 A.3d 231, 236 (Pa. Super. 2012), citing **Commonwealth v. Leggett**, 16 A.3d 1144, 1147 n.8 (Pa. Super. 2011).

---

[10] Where a judgment becomes final before January 16, 1996, the effective date of the PCRA amendments, a petitioner's **first** PCRA petition will be deemed timely if it is filed within one year of this date. **Commonwealth v. Fahy**, 737 A.2d 582, 218 (Pa. 1999). However, because the instant petition is Appellant's fifth, it does not qualify for the relevant grace period through January 16, 1997. Even if the instant petition was Appellant's first petition, it still would be untimely because Appellant did not file it until December 2, 2010, or almost fourteen years after the January 16, 1997 deadline.

Appellant also asserts the newly-discovered-evidence exception under Section 9545(b)(1)(ii) in his amended PCRA petition filed on January 5, 2015. Specifically, Appellant asserts that, on December 4, 2014, he discovered that the Supreme Court directed his appellate counsel to be suspended from the practice of law for a period of two years retroactive to February 26, 2013. As the PCRA court explained, however, Appellant cannot overcome the PCRA's one-year time-bar. The PCRA court found that "Attorney [James S.] Bruno has records of disciplinary history starting in 1988. All of those records were available to the public. Therefore, Appellant could have discovered, with due diligence, Attorney Bruno's disciplinary history long before December 4, 2014."[11] PCRA Court Opinion, 12/5/18, at 7. Accordingly, the PCRA court determined it lacked jurisdiction over this claim. Even if we could exercise jurisdiction, Appellant still would not be entitled to relief. The PCRA court aptly stated that "Appellant does not raise any specific facts that relate to his case, only citing Attorney Bruno's suspension as broad proof of incompetence during his representation of Appellant." *Id.* at 6. "[T]here is no indication that the

---

[11] In **Commonwealth v. Brensinger**, ___ A.3d ___, 2019 WL 4134163 * 9 (Pa. Super. filed August 30, 2019) (*en banc*), we held that "a petitioner must be unrepresented at the time the underlying facts in his petition enter the public record in order to benefit from the *pro se* prisoner exception to the public record presumption[,]" as announced in **Commonwealth v. Burton**, 121 A.3d 1063, 1073-74 (Pa. Super. 2015), **aff'd**, 158 A.3d 618 (Pa. 2017). Here, based on our review of the record, Appellant appears to have been represented by counsel until the Supreme Court denied allowance of appeal in connection with his first PCRA on May 23, 1997. As the PCRA court found, at that time, information was available publicly regarding appellate counsel's disciplinary history.

instant Appellant was adversely harmed by Attorney Bruno, nor that Appellant has been able to prove the elements of **Strickland v. Washington**, 466 U.S. 668, 685 (1984)."

Next, Appellant also does not circumvent the one-year time-bar by asserting that the Commonwealth withheld the toxicology report or that his charge for PIC was dismissed at the preliminary hearing. As noted earlier, these claims were previously raised on collateral review. It is settled that to be eligible for PCRA relief, the petitioner must plead and prove, *inter alia*, that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3); **see Commonwealth v. Rivera**, 199 A. 3d 365, 374 (Pa. 2018) (noting that a petitioner may not reassert previously litigated claims in a PCRA petition).

Finally, to overcome the PCRA's time-bar, Appellant asserts that he is entitled to relief under **McQuiggin**. The argument, however, is without merit. In **Commonwealth v. Brown**, 143 A.3d 418 (Pa. Super. 2016), we held that "[w]hile **McQuiggin** represents a further development in federal *habeas corpus* law, . . . this change in federal law is irrelevant to the time restrictions of our PCRA." **Brown**, 143 A.3d at 421.

In sum, we agree with the PCRA court that Appellant's petition was untimely and that the PCRA court did not have jurisdiction to entertain its merits. Likewise, this Court is without jurisdiction to consider the merits, if any, of the petition. Therefore, we shall affirm the September 15, 2017 order dismissing as untimely Appellant's fifth PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/19