J-S29007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RIGOBERTO HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 21 MDA 2023 |

Appeal from the Order Entered December 2, 2022
In the Court of Common Pleas of Lebanon County
Criminal Division at CP-38-CR-0001002-2017

BEFORE:   MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:          **FILED SEPTEMBER 15, 2023**

Rigoberto Hernandez (Appellant) appeals *pro se* from the order denying

his third petition filed pursuant to the Post Conviction Relief Act (PCRA), **see**

42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

This Court previously explained:

> On April 6, 2017, at approximately 11:30 a.m., [Appellant]
> and his co-defendant, Orlando Nunez-Flores (Nunez-Flores),
> drove to the Fulton Bank located in Schaefferstown, Lebanon

---

* Retired Senior Judge assigned to the Superior Court.

[1] Though Appellant's petition states he is seeking *habeas corpus* relief, the PCRA court properly treated the petition as seeking relief under the PCRA. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) ("It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief[, and] … a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*."); **see also** 42 Pa.C.S.A. § 9542 (providing PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including *habeas corpus* and *coram nobis*.").

County. Nunez-Flores entered the bank and demanded money from the tellers at gunpoint, while [Appellant] waited in his vehicle. After Nunez-Flores obtained $2,963.00 in cash, some of which was GPS-enabled for tracking, he ran out the front door and into [Appellant's] vehicle. Responding police officers pursued the GPS signal coming from [Appellant's] sedan, which led to a high-speed chase ending with [Appellant's] car crashing into a chain link fence. Police officers pulled [Appellant] out of the vehicle and took him into custody. Nunez-Flores fled the scene[,] but after a foot chase was captured [in possession of] cash obtained from the robbery.

*Commonwealth v. Hernandez*, 209 A.3d 1074, 1098 MDA 2018 (Pa. Super. filed Feb. 19, 2019) (unpublished memorandum at 1-2).

Appellant and Nunez-Flores were tried jointly. Appellant elected to represent himself, with Nicholas Sidelnick, Esquire, appointed as standby counsel. The jury convicted Appellant of four counts of conspiracy; two counts of robbery; and one count each of theft by unlawful taking, receiving stolen property, recklessly endangering another person, fleeing or attempting to elude a police officer, and reckless driving.[2] The trial court sentenced Appellant to an aggregate 16 - 49 years of incarceration. This Court affirmed Appellant's judgment of sentence on February 19, 2019, and the Pennsylvania Supreme Court denied allowance of appeal on August 27, 2019. *See id.*, *appeal denied*, 217 A.3d 214 (Pa. 2019).

Appellant subsequently litigated two unsuccessful PCRA petitions. On October 27, 2022, Appellant *pro se* filed the instant PCRA petition. Appellant acknowledged the petition is untimely. Petition for *Habeas Corpus* Relief,

---

[2] *See* 18 Pa.C.S.A. §§ 903, 3701(a)(1)(ii) and (vi), 3921(a), 2705; 75 Pa.C.S.A. §§ 3733(a), 3736(a).

10/27/22, at 2. However, Appellant asserted the Supremacy Clause of the United States Constitution permits his claim of actual innocence. ***See id.*** at 2-7. The PCRA court rejected Appellant's claim and entered an order denying relief. Appellant filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single issue for review:

> Whether the trial court abused its discretion in dismissing Appellant's [PCRA petition] alleging he is illegally confined on the basis of a conspirac[y] to commit robbery conviction that violates due process of law in that there was insufficient evidence of guilt rendering hi[m] actually innocent and the Supremacy Clause does not permit him to be barred[?]

Appellant's Brief at 3 (some capitalization altered).

Appellant claims there was insufficient evidence supporting his convictions of two counts of conspiracy to commit robbery.[3] Appellant's Brief at 7. While acknowledging his petition is untimely under the PCRA, "Appellant submits he is eligible for *habeas* relief because he is, and was[,] innocent…." ***Id.*** at 7-8.

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

---

[3] Appellant does not challenge the evidence supporting his remaining other convictions.

Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional and a court may not address the merits of the issues if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

It is undisputed that Appellant's PCRA petition is untimely, as his judgment of sentence became final in November 2019, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. A court may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Appellant attempts to circumvent the timeliness requirements by citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), where the United States Supreme Court held a *habeas corpus* petitioner may overcome a federal statute of limitations by establishing actual innocence. Appellant's Brief at 8,

- 4 -

11-12. This Court has specifically rejected the application of **McQuiggin** in relation to the PCRA's time-bar. **Commonwealth v. Brown**, 143 A.3d 418, 421 (Pa. Super. 2016) ("While **McQuiggin** represents a further development in federal *habeas corpus* law, … this change in federal law is irrelevant to the time restrictions of our PCRA.").

Appellant concedes his PCRA petition is untimely, but makes no attempt to invoke an exception to the timeliness requirements set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Because this Court, like the PCRA court, lacks jurisdiction to consider the merits of Appellant's issue, we affirm the denial of relief. **See Albrecht**, **supra**.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/15/2023