J-S39030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL R. WITUCKI | : | |
| | : | |
| Appellant | : | No. 608 MDA 2023 |

Appeal from the PCRA Order Entered February 24, 2023
In the Court of Common Pleas of Tioga County Criminal Division at
No(s):  CP-59-CR-0000033-1998

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: DECEMBER 15, 2023**

Daniel R. Witucki appeals *pro se* from the order dismissing his Petition for *Habeas Corpus* Relief Pursuant to Article I, § 14 of the Pennsylvania Constitution ("Petition for *Habeas Corpus* Relief"). He argues the court erred in treating the petition as a Post Conviction Relief Act ("PCRA")[1] petition and dismissing it. We affirm.

In 1998, a jury convicted Witucki of first-degree murder for fatally shooting the victim three times with a rifle. The court sentenced him to a mandatory term of life imprisonment. We affirmed the judgment of sentence, and the Supreme Court denied his petition for allowance of appeal on November 24, 1999.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Witucki thereafter filed several unsuccessful PCRA petitions. He also filed multiple petitions for a writ of *habeas corpus* and a petition to file post-sentence motions *nunc pro tunc*. The court treated these additional filings as PCRA petitions, and denied relief. ***See Commonwealth v. Witucki***, 285 A.3d 930, 2022 WL 4231245, unpublished memorandum at *1, *3 (Pa.Super. 2022).

Witucki filed the instant Petition for *Habeas Corpus* Relief on February 10, 2023. He argued his sentence was illegal and a violation of due process because the Commonwealth failed to prove he had the requisite intent to commit first-degree murder. He also argued his claim should not be time-barred by the PCRA because it is a claim of actual innocence.

The court construed the petition as a PCRA petition. It found Witucki's claim was "based upon a factual determination in the trial testimony," and concluded that it was frivolous because it has been either previously litigated or waived. Order, 2/24/23, at 1. The court dismissed the petition.[2]

Witucki appealed. He raises the following issue:

Whether the Trial Court abused its discretion in dismissing [Witucki]'s Petition for Habeas Corpus Relief alleging he is confined on the basis of a first[-]degree murder conviction that violates due process of law in that there was insufficient evidence of guilt rendering him actually innocent and the Supremacy Clause of the U.S. Constitution does not permit barring.

---

[2] The court did not issue notice of its intent to dismiss the petition, in contravention of Pa.R.Crim.P. 907(1). However, Witucki does not raise this issue. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

Witucki's Br. at 3.

"In reviewing the grant or denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Burton**, 158 A.3d 618, 627 n.13 (Pa. 2017). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." **Id.**

Witucki contends his conviction violates due process and his sentence is illegal because the evidence supporting his first-degree murder conviction was allegedly insufficient. Witucki also argues the court erred in treating his petition as a PCRA petition and asserts that it is not untimely under the PCRA. He contends that the Supremacy Clause of the United States Constitution does not permit a claim of actual innocence to be time-barred, and if the PCRA renders his claim untimely, it violates "both the United States and Pennsylvania Constitution[s] and operates as an unconstitutional suspension of the Writ." Witucki's Br. at 11. He cites **McQuiggin v. Perkins**, 133 S.Ct. 1924 (2013), in support.[3]

"[A] defendant cannot escape the PCRA time-bar by titling his motion as a writ of habeas corpus." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013) (footnote omitted). Where the PCRA provides for potential relief, the common-law remedy of habeas corpus is unavailable. **Id.**; **see also**

_____

[3] Witucki additionally cites non-controlling federal cases that we will not discuss.

42 Pa.C.S.A. § 9542. Here, Witucki's challenge was cognizable under the PCRA. **See Commonwealth v. Abu-Jamal**, 833 A.2d 719, 728 (Pa. 2003). Therefore, the court did not err in treating his Petition for *Habeas Corpus* Relief as a PCRA petition.

The petition was thus subject to the PCRA's time limits. Before considering the merits of a PCRA petition, the PCRA court, and this Court, must determine the threshold jurisdictional issue of whether the petition is timely. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014). A petition must be filed within one year of the date a petitioner's judgment of sentence became final or plead and prove one of the statutory exceptions to this deadline. **See** 42 Pa.C.S.A. § 9543(b). Here, Witucki's instant petition is untimely, as he filed it after the deadline imposed by the PCRA and without invoking a statutory exception thereto. **See Witucki**, 2022 WL 4231245 at *2 n.6, *3 (explaining Witucki's judgment of sentence became final on February 22, 2000, and he had one year from that date to file a timely PCRA petition or plead and prove a statutory exception).

**McQuiggin** does not alter the foregoing analysis. **McQuiggin** held that the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) will not bar a federal *habeas corpus* proceeding where the petitioner advances a claim of actual innocence. **See McQuiggin**, 133 S.Ct. at 1928. **McQuiggin** therefore applies in the context of federal *habeas corpus* review, not a petition for collateral relief filed in state court. Accordingly, this Court has previously determined that **McQuiggin**'s holding "is irrelevant to our construction of the

timeliness provisions set forth in the PCRA." ***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa.Super. 2016).

Although the PCRA court dismissed the petition on other grounds, we may affirm the court's order on any legal basis. ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022). We therefore affirm the order dismissing the petition, on the basis that it was untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/15/2023